IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL OHAYON,<br><br>　　　　Defendant.<br>_____/ | No. CR 10-00105 CRB<br><br>**ORDER DENYING URGENT MOTION FOR AN EXTENSION OF SELF-SURRENDER DATE** |

Defendant Michael Ohayon has filed an Urgent Motion for an Extension of Self-Surrender Date (dkt. 253) (hereinafter "Motion" or "Mot."). The Motion argues that if Defendant's self-surrender date of June 13, 2014 is not extended, he will suffer irreparable harm and will not be able to fully assist in his own defense. See generally id. The Court finds this matter suitable for resolution without oral argument or further briefing, VACATES the hearing set for June 4, 2014, and DENIES the Motion.

**I.   BACKGROUND**

On May 26, 2010, Defendant pled guilty pursuant to a plea agreement. Plea Agreement (dkt. 25). Pursuant to that Agreement, Defendant agreed to plead guilty to bank fraud, among other things. Id. ¶ 1. He agreed that the loss amount for all of his fraudulent conduct was more than $7 million but less than $20 million. Id. ¶ 2f. He agreed to waive his right to appeal his conviction and sentence, except if he received a sentence in excess of 135

months. Id. ¶ 4. He also agreed to a Guideline calculation based on a loss amount greater than $7 million, and agreed that the adjusted offense level of the applicable Guidelines would be between 27 and 31. Id. ¶ 7 and n.1. And he expressly agreed that his plea was knowing and voluntary. Id. ¶ 23. On August 29, 2012, the Court sentenced Defendant for the first time, giving him until January 4, 2013 to self-surrender. Minutes (dkt. 145).

Defendant filed a series of post-conviction motions, which prompted the Court first to extend, and then to vacate, the surrender date. Minutes (dkt. 186) (extending to March 5, 2013); Minutes (Dkt. 201) (vacating). Defendant filed, and the Court granted, a Motion under 28 U.S.C. § 2255. See 2255 Motion (dkt. 207); Minutes (dkt. 227) (granting). At the time it granted Defendant's 2255 Motion, the Court advised Defendant that "his surrender date at time of sentencing will be set for 6/13/2014 (as requested by the defendant)." Minutes (dkt. 227). The June 13, 2014 surrender date was set only after the Court had initially set a surrender date of May 2, 2014, and Defendant had asked to see his children through the school year, which ended on June 12, 2014. Opp'n to Mot. at 3. The Court explained at the time that it tries to accommodate people, and that this would be the last extension. See Opp'n to Mot. at 3-4.

## II.  LEGAL STANDARD

Release pending appeal from a criminal conviction is governed by 18 U.S.C. § 3143(b), which provides in part:

> . . . the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless he judicial officer finds–
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in
>
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

2

18 U.S.C. § 3143(b). The burden of proof is on the defendant to overcome the presumption that he should be detained pending appeal. United States v. Montoya, 908 F.2d 450, 451 (9th Cir. 1990).

## III.   DISCUSSION

The Court does not find that Defendant is likely to flee, or that he poses a danger. See 18 U.S.C. § 3143(b)(A). Nor does the government challenge the Motion on this basis. See Opp'n to Mot. at 5 .

However, the Court finds that the Motion fails to raise a substantial question of law or fact likely to result in any of the enumerated benefits on appeal. See 18 U.S.C. § 3143(b)(B). First, Defendant expressly waived his right to appeal. Plea Agreement ¶ 4. That waiver was knowing and voluntary. Id. ¶ 23. An express waiver of a defendant's right to appeal is enforceable so long as (1) "the language of the waiver encompasses his right to appeal on the grounds raised" and (2) the waiver was knowing and voluntary. See United States v. Watson, 582 F.3d 974, 986 (9th Cir. 2009). Second, the Guideline calculations and sentence Defendant received were not in excess of the terms of the Plea Agreement; they were based on the conduct and loss amount he agreed to in his Plea Agreement. See Plea Agreement ¶ 2. Third, Defendant's constructive amendment theories are meritless. And fourth, assuming arguendo that irreparable harm is an appropriate consideration under section 3143(b)(B), Defendant has not established a risk of irreparable harm: "[i]ncarcerated defendants regularly communicate with attorneys in writing, electronically, or via telephone to mount their defenses," and Defendant's appellate counsel is free to meet with Defendant in person at the facility in which Defendant is incarcerated. See Opp'n at 9.[1]

//

---

[1] The government urges that the Motion should also be denied because it was brought for the purpose of delay. See Opp'n to Mot. at 5-6; 18 U.S.C. § 3143(b)(B). The Court is certainly concerned that "filing an appeal and seeking release pending that appeal despite the appeal waiver . . . and the apparent weakness of his claim is indicative of a further attempt to delay serving his sentence." See United States v. Fitzgerald, No. 09-cr-113, 2012 WL 640877 (D. Idaho Feb. 25, 2012). Although Defendant no doubt wishes to postpone his incarceration, the Court cannot say that it is this desire, rather than a sincere (although, in the Court's view, misguided) view of the merits of his appeal, that motivated his filing. Accordingly, this Order is based only on Defendant's unlikelihood of success on appeal.

**IV.  CONCLUSION**

For the foregoing reasons, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 23, 2014

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE